**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL S. PILGER,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:11-cv-00159-GMN-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #1) |

　　　Plaintiff Paul S. Pilger is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint on January 31, 2011. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**　　***In Forma Pauperis* Application**

　　　Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**　　**Screening the Complaint**

　　　Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plainitff's Complaint attempts to state a claim under the Administrative Procedure Act, 5 U.S.C. § 706, and the Higher Education Act, 20 U.S.C. § 1087, to compel the Department of Education and Plaintiff's loan service provider, Affiliated Computer Services, and Plaintiff's loan guarantor, Illinois Student Assistance Commission, to discharge his federally-guaranteed student loans on the grounds that his school falsely certified his application because his learning disability prevented him from obtaining licensure as an attorney. It appears that Plaintiff has exhausted the administrative remedies available through the Department of Education, and he has stated a claim against Defendants ACS anad ISAC; however, he has not properly named the Department of Education as a Defendant. In order to sue a federal administrative agency, such as the Department of Education, Plaintiff must name the Secretary of that agency. 5 U.S.C. § 702.

Accordingly, Plaintiff's claim against the Department of Education will be dismissed with leave to amend. Plaintiff is informed that the court cannot refer to a prior pleading (i.e., his original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to

any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In addition, Plaintiff's Complaint does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a Complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." *Id.*  Additionally, Rule 8(e) states, "Each averment of a pleading shall be simple, concise, and direct."  Taken together, these rules emphasize the requirement that pleadings should be clear and brief.  Complaints should not be needlessly long, highly repetitive, or rambling.  Plaintiff's Complaint contains twenty-seven pages, describing not only his claims against the Department of Education, but also contains evidentiary support, and a description of the factual background and arguments.  Plaintiff's Amended Complaint should be limited to a short and plain statement of his claims against Defendants.

**IT IS ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be required to pay the filing fee of two hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. Plaintiff's claim against the Department of Education is DISMISSED for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have until **April 1, 2011,** to file his Amended Complaint, if he believes he can correct the noted deficiencies.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., his original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in itself without

reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the dismissal of this case, without prejudice.

5. The court will direct service of the Complaint on the remaining Defendants at such time as the court screens the Amended Complaint, or the time for filing the Amended Complaint has run.

Dated this 1st day of March, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE