**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL S. PILGER, | ) |
| | ) Case No. 2:11-cv-00159-GMN-PAL |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) (Amended Complaint - Dkt. #4) |
| ARNE DUNCAN, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff's Amended Complaint (Dkt. #4). On March 1, 2011, the court entered an Order (Dkt. #2) approving Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) and screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. The court found Plaintiff's Complaint stated a claim, but the court dismissed Defendant Department of Education because 5 U.S.C. § 702 requires a Plaintiff to name the secretary of the federal agency to bring suit against the agency. *See* Order (Dkt. #3) at 2:19-23. The court allowed Plaintiff additional time to amend his Complaint to name the proper party. Plaintiff complied and filed his Amended Complaint on March 30, 2011.

As set forth in the court's previous Order (Dkt. #3), Plaintiff's Complaint attempts to state a claim under the Administrative Procedures Act, 5 U.S.C. § 706, and the Higher Education Act, 20 U.S.C. § 1087, to compel the Department of Education and Plaintiff's loan service provider, Defendant Affiliated Computer Services, and Plaintiff's loan guarantor, Defendant Illinois Student Assistance Commission, to discharge his federally-guaranteed student loans on the grounds that his law school falsely certified his loan application because his learning disability prevented him from obtaining licensure as an attorney. The court previously found that Plaintiff stated a claim against Defendants Affiliated Computer Services and Illinois Student Assistance Commission. Plaintiff has now named the current Secretary of the Department of Education as a Defendant as well as the former Secretary.

The current Secretary is the proper party, and the former Secretary, Margaret Spellings, will be dismissed from this action.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. As set forth in the court's previous screening Order (Dkt. #2), the court will direct service on all Defendants against whom Plaintiff has stated a claim. The Clerk of the Court shall issue Summons to Defendants Arne Duncan, Affiliated Computer Services, and Illinois Student Assistance Commission, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

2. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

///

///

///

3. Because Plaintiff has now named the proper Defendant Arne Duncan, his claim against Defendant Margaret Spellings is DISMISSED.

Dated this 28th day of June, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE